Argued and submitted March 2, reversed March 29, 2006

Breauna S. PROVOST,
*Respondent,*

*v.*

Heather M. ATCHLEY,
*Appellant.*

18-05-08693; A128640 (Control)

Breauna S. PROVOST,
*Respondent,*

*v.*

Miranda E. DELLINGER,
*Appellant.*

18-05-08694; A128641
(Cases Consolidated)

132 P3d 30

George W. Kelly argued the cause and filed the brief for appellants.

No appearance for respondent.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Respondents appeal stalking protective orders restraining them from contacting petitioner. They contend that the trial court erred in, among other things, entering the orders without a sufficient factual basis to support them. On *de novo* review, we agree and reverse.

■     ORS 163.738(2)(B) provides that a court may enter a stalking protective order if

"(i)   The person intentionally, knowingly or recklessly engages in repeated and unwanted contact with the other person or a member of that person's immediate family or household thereby alarming or coercing the other person;

"(ii)   It is objectively reasonable for a person in the victim's situation to have been alarmed or coerced by the contact; and

"(iii)   The repeated and unwanted contact causes the victim reasonable apprehension regarding the personal safety of the victim or a member of the victim's immediate family or household."

When the unwanted contacts involve speech, the contacts must be the sort that "instill[ ] in the addressee a fear of imminent and serious personal violence from the speaker, [are] unequivocal, and [are] objectively likely to be followed by unlawful acts." *State v. Rangel*, 328 Or 294, 303, 977 P2d 379 (1999).

In this case, petitioner is a high school student who filed a petition complaining about being harassed by two classmates, respondents. At the hearing, petitioner told the court that she had been "harassed for several years" by respondent Atchley "because of hearsay." According to petitioner, "[s]he calls me names when I used to walk by her. I transferred out of school because of the harassment. It still continues." Petitioner told the court that, on April 27 of an unspecified year, respondents drove to petitioner's boyfriend's house and blocked the driveway so that petitioner could not remove her own car. Petitioner complained that respondents "started harassing me saying they wanted me to get out of the car and kick my butt and called me vulgar

names." She said that respondent Atchley then "vandalized" the hood of petitioner's car. Petitioner further complained that respondent Dellinger "got mad [at her] because of hearsay. And she actually came over and tried to kick my butt. And at school they walked by me, flipped me off and called me vulgar names."

Respondent Atchley argued that "this is high-school drama that's [being] dealt with in the wrong way." She denied damaging petitioner's car; she said that she pounded her fist on the hood. Respondent Dellinger similarly testified that this was a high school spat, the genesis of which was the allegation that petitioner had "slept with both of our boyfriends." She explained that "I heard about it. I never once threatened her physically. I came up to her, tried to talk to her about it. She got an attitude. I called her names, she went to the principal one time. After I had talked to the principal, it did not continue."

The trial court then stated that "[f]inal stalking orders are entered," without further explanation.

■ On appeal, respondents contend that the court erred in entering the stalking protective orders because there is a complete absence of evidence that they had engaged in two or more unwanted contacts that actually alarmed petitioner and reasonably put her in fear of her personal safety, much less the sort of fear of imminent and serious personal violence that is required when the unwanted contacts consist of speech. Respondents also argue that the trial court erred in taking testimony without swearing in the witnesses and allowing cross-examination.

We need not address respondents' argument about the failure of the court to swear in witnesses and permit cross-examination because, even assuming that the witnesses had been properly sworn and subject to cross-examination, we agree with respondents that the record is legally insufficient to support the issuance of the stalking protective orders.

Reversed.